

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,592

### EX PARTE RANDOLPH MANSOOR GREER, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NO. 602461-C IN THE 228TH JUDICIAL DISTRICT COURT HARRIS COUNTY

*Per Curiam.*

### O P I N I O N

In June 1992, a jury convicted applicant of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed applicant's conviction and sentence on direct appeal. *Greer v. State*, No. AP-71,533 (Tex. Crim. App. Oct. 26, 1994) (not designated for publication). Applicant filed his initial application for a writ of habeas corpus with the convicting court in April 1997. The convicting court entered findings and recommended denying relief. This Court

adopted those findings and denied relief. *Ex parte Greer*, WR-53,836-01 (Tex. Crim.

App. Nov. 27, 2002). Applicant filed his first subsequent application in August 2004,

and relief was denied by this Court. *Ex parte Greer*, WR-53,836-02 (Tex. Crim. App.

March 21, 2007).

In a single allegation in this subsequent application, applicant alleges that he is

entitled to relief from his death sentence because he presented significant mitigating

evidence related to his moral culpability and the appropriateness of a death sentence

which could not have been given full effect by the sentencing jury. *See Penry v. Johnson*

*("Penry II")*, 532 U.S. 782 (2001). This Court has reviewed the application and

determined that it satisfies the requirements of Article 11.071 § 5.

At trial, the jury received the following special issues:

Special Issue No. 1
> Was the conduct of [applicant] that caused the death of the deceased committed deliberately and with the reasonable expectation that the death of the deceased or another would result?

Special Issue No. 2
> Is there a probability that [applicant] would commit criminal acts of violence that would constitute a continuing threat to society?

Special Issue No. 3
> Do you find from the evidence beyond a reasonable doubt that conduct of [applicant] in killing the deceased was unreasonable in response to the provocation, if any, by the deceased?

The jury was also charged:

> You are instructed that when you deliberate on the questions posed in the special issues, you are to consider all relevant mitigating circumstances, if

any, supported by the evidence presented in both phases of trial, whether presented by the State or the defendant. A mitigating circumstance may include, but is not limited to, any aspect of the defendant's character, background, record, emotional instability, intelligence, or circumstances of the crime which you believe could make a death sentence inappropriate in this case. If you find that there are any mitigating circumstances in this case, you must decide how much weight they deserve, if any, and thereafter, give effect and consideration to them in assessing the defendant's personal culpability at the time you answer the special issue. If you determine, when giving effect to the mitigating evidence, if any, that a life sentence, as reflected by a negative finding to the issue under consideration, rather than a death sentence, is an appropriate response to the personal culpability of the defendant, a negative finding should be given to that special issue under consideration.

The nullification instruction given to applicant's jury is nearly identical to the instruction that was at issue in *Penry II*. *See Penry*, 532 U.S. at 790 ("If you determine, when giving effect to the mitigating evidence, if any, that a life sentence, as reflected by a negative finding to the issue under consideration, rather than a death sentence, is an appropriate response to the personal culpability of the defendant, a negative finding should be given to one of the special issues.").

The mitigating evidence presented by applicant is the sort of evidence that the United States Supreme Court has said is not encompassed within the previous statutory special issues. The jury was presented with evidence that applicant had a troubled childhood with a mentally ill, emotionally isolated, and criminally involved father. Applicant left school in the 11th grade and experienced a severe psychotic break around age seventeen. He was later diagnosed with bipolar disorder. The evidence presented by applicant is that type of evidence for which the jury did not have a vehicle to give

meaningful consideration. *See Ex parte Smith*, 309 S.W.3d 53 (Tex. Crim. App. 2010) (life of poverty in a bad neighborhood); *Ex parte Martinez*, 233 S.W.3d 319, 320 (Tex. Crim. App. 2007) (multiple hospitalizations in state psychiatric facilities, abuse of alcohol at a young age, and troubled childhood); *see also Ex parte Moreno*, 245 S.W.3d 419, 422 (Tex. Crim. App. 2008) (troubled childhood).

The nullification instruction given to applicant's jury was not a sufficient vehicle to allow jurors to give meaningful effect to the mitigating evidence presented by applicant. Because the mitigating evidence presented at applicant's trial is the type of evidence for which he was entitled to a separate vehicle for consideration, we remand the case to the trial court for a new punishment hearing.

Delivered: June 29, 2011
Do Not Publish